JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

| | |
|---|---|
| **CASE NO.:** CV 16-03293 SJO (RAOx) | **DATE:** August 30, 2016 |
| **TITLE:** Tovar v. Wal-Mart Stores, Inc. et al. | |

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**            **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                   Not Present

========================================================================

**PROCEEDINGS (in chambers):   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [ECF No. 17]

This matter is before the Court on Plaintiff Idania Tovar's ("Plaintiff") Motion to Remand ("Motion"), filed on August 16, 2016. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") opposed the Motion ("Opposition") on August 26, 2016. The Court found this matter suitable for disposition without oral argument, and vacated the hearing set for September 19, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges the following in her Complaint, filed in the Superior Court of the State of California, County of Ventura on March 29, 2016. (*See* Decl. Amber N. Morton in Supp. Notice of Removal ("Morton Decl."), Ex. A ("Comp.") ECF No. 1-1.) On March 3, 2008, Plaintiff began working as a "night-shift stocker" for Wal-Mart. (Compl. ¶ 9.) After having worked at Wal-Mart for approximately six years, Plaintiff suffered a back injury while performing her duties as a Wal-Mart employee on or about April 17, 2014, and submitted an injury report to defendant Carlos Ibarra, her supervisor, the following day. (Compl. ¶¶ 9-10, 18.) Later that day, Ibarra "instructed and urged [Plaintiff] to take two pills, stating [. . .] they were for back pain." (Compl. ¶ 11.) Believing the pills to be over-the-counter medication, such as Advil, Plaintiff followed Ibarra's command. (Compl. ¶ 11.)

As it turns out, the pills were not over-the-counter medication, but were instead prescription pain killers. (Compl. ¶ 11.) The next day, Wal-Mart required Tovar to submit to an unlawful, mandatory drug test. (Compl. ¶ 12.) A few days later, while Plaintiff was on leave for her back injury, Wal-Mart fired her. (Compl. ¶ 13.) Plaintiff alleges that she was terminated as a result of the unlawful suspiciousness drug test, on the basis of her disability, because Wal-Mart perceived Plaintiff as being disabled, and/or in retaliation for her taking a medical leave of absence necessitated by her injury. (Compl. ¶ 13.) Plaintiff filed a complaint of discrimination with the Department of Fair Employment and Housing ("DFEH"), receiving a right-to-sue notice dated April 6, 2015. (Compl. ¶ 14, Ex. A.)

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | \_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_ |
|---|---|---|---|

**CASE NO.:** <u>CV 16-03293 SJO (RAOx)</u>　　　　**DATE:** <u>August 30, 2016</u>

Armed with these allegations, Plaintiff asserts the following seven causes of action against Wal-Mart: (1) disability discrimination in violation of California Government Code § 12940; (2) failure to accommodate disability in violation of California Government Code § 12940(m); (3) failure to engage in the interactive process in violation of California Government Code § 12940(n); (4) retaliation in violation of California Government Code § 12940(h) and Labor Code § 132a; (5) failure to prevent discrimination and harassment in violation of California Government Code § 12940(k); (6) invasion of privacy—intrusion upon private affairs; (7) wrongful termination in violation of public policy; and (8) violation of California Business & Professions Code § 17200 *et seq.* (Compl. ¶¶ 15-75). Plaintiff also asserts the following two causes of action against Ibarra alone: (9) negligent interference with contractual relations; and (10) intentional interference with contractual relations. (Compl. ¶¶ 76-93.) In particular, Plaintiff alleges that Ibarra required her, "via his authority," to take the prescription medication. (Compl. ¶ 79.) Thus, Plaintiff alleges that Ibarra's act was intended to disrupt the performance of her employment contract with Wal-Mart. (Compl. ¶ 80.) Alternatively, Plaintiff alleges that this act was unreasonable and breached Ibarra's duty of care, interfering with Plaintiff's employment relationship with Wal-Mart. (Compl. ¶ 86, 88.) Finally, Plaintiff asserts two causes of action against Wal-Mart and Ibarra, together: (11) intentional infliction of emotional distress; and (12) negligent infliction of emotional distress. (Compl. ¶¶ 94-106.)

Wal-Mart answered Plaintiff's Complaint with a general denial, (*see* Morton Decl., Ex. C ), and removed the instant action from Ventura County Superior Court on May 13, 2016 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, (*see* Notice of Removal, ECF No. 1). Plaintiff now moves to have the instant action remanded back to Ventura County Superior Court. (*See* Mot., ECF No. 17.)

II.　　DISCUSSION

Plaintiff argues that this action must be remanded because (1) Ibarra's California citizenship destroys complete diversity and prevents removal within California; (2) Wal-Mart improperly removed the action without obtaining Ibarra's consent; and (3) the amount in controversy does not meet the statutory minimum of $75,000. (*See generally* Mot.) In its Opposition, which is joined by Ibarra, Wal-Mart responds that (1) Ibarra's citizenship should be ignored because he was "fraudulently joined;" (2) Ibarra consented to removal; and (3) the amount in controversy exceeds $75,000. (*See generally* Opp'n, ECF No. 19; *see also* Decl. Carlos Ibarra in Supp. Opp'n ("Ibarra Decl.") ¶ 2, ECF No. 21.) Because the Court concludes that Ibarra was not fraudulently joined, this action must be remanded.

///
///
///
///
///

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |
|---|---|---|

**CASE NO.:** CV 16-03293 SJO (RAOx)          **DATE:** August 30, 2016

    A.    <u>Legal Standard</u>

A district court has removal jurisdiction pursuant to 28 U.S.C. section 1332 "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Although federal law requires complete diversity of citizenship, one exception to this requirement is where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* at 1067 (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). A defendant cannot successfully prove fraudulent joinder by arguing either that a plaintiff will not prevail against the non-diverse defendant or that a plaintiff has not sufficiently alleged a claim against that defendant. *See Munoz v. Lab. Corp. of Am.*, No. CV 15-902-GW, 2015 WL 4507104 (C.D. Cal. July 23, 2015). Instead, a defendant must provide "clear and convincing evidence" that a plaintiff cannot succeed against the non-diverse defendant. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]." *Munoz*, 2015 WL 4507104, at *1.

    B.    <u>Analysis</u>

        1.    <u>Wal-Mart Has Failed to Demonstrate that Ibarra Was Fraudulently Joined</u>

Here, the parties agree that Plaintiff and Ibarra are both California citizens. (*See* Compl. ¶¶ 2-3; Ibarra Decl. ¶ 1.) Wal-Mart is a citizen of both Delaware and Arkansas. *See* 28 U.S.C. § 1332(c)(1).[1] Thus, this Court can exercise diversity jurisdiction over this action only if it disregards Ibarra's citizenship, which, in this case, requires finding that Ibarra was fraudulently joined.

Because Plaintiff asserts four causes of action against Ibarra, in order to prevent remand, Wal-Mart must demonstrate that each of these legal theories fails under California law. For the reasons set forth below, the Court concludes that Wal-Mart has failed to carry its burden.

---

[1] The Court takes judicial notice of Wal-Mart's Business Entity Detail report revealing that Wal-Mart is incorporated in the state of Delaware and headquartered in the state of Arkansas. (*See* Morton Decl., Ex. D); Fed. R. Evid. 201(b).

JS-6

Case 2:16-cv-03293-SJO-RAO   Document 25   Filed 08/30/16   Page 4 of 5   Page ID #:357

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 16-03293 SJO (RAOx)</u>          **DATE:** <u>August 30, 2016</u>

      a.    <u>The Intentional Interference with Contractual Relations Theory is Sufficient to Find Ibarra was Not Fraudulently Joined</u>

In both its Notice of Removal and Opposition, Wal-Mart contends that the "manager's privilege" bars any recovery against Ibarra. (Opp'n 5; *see also* Notice of Removal 7.) Plaintiff responds that the manager's privilege only applies if the agent "act[s] in what she believes is in the best interest of the principal." (Mot. 4.) Thus, according to Plaintiff, whether the privilege applies "is a question of fact, as it accounts for the subjective intent of the acting agent." (Mot. 5.) The Court agrees with Plaintiff that because the question of motive or intent is relevant to whether the privilege applies, and because Wal-Mart has failed to provide clear and convincing evidence that Ibarra's predominant motive was to benefit Wal-Mart, it has failed to show that Ibarra was fraudulently joined.

The tort of intentional interference with a contractual relationship may only be asserted against a third-party to the contract. *See Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990). The so-called "manager's privilege" is "most often applied to bar actions against managers of a business entity that charge the managers with inducing the entity to breach a contract." *Huynh v. Vu*, 111 Cal. App. 4th 1183, 1195, 4 Cal. Rptr. 3d 595 (2003). That said, "[t]he scope of the manager's privilege . . . is neither clear nor consistent . . . [and] the question of whether the privilege is absolute or qualified is 'somewhat muddled in California law.'" *Id.* (quoting *Aalgaard v. Merchants Nat'l Bank, Inc.*, 224 Cal. App. 3d 674, 684-85, 274 Cal. Rptr. 81 (1990)). Indeed, California courts have applied three tests that consider, in varying degrees, the motivation of the third-party, as described below:

> If the privilege is absolute, it is based solely on the manager's status as the manager of the breaching party, without regard to the manager's motives or state of mind. The "mixed motive" formulation applies the privilege as long as the manager is motivated, at least in part, by a desire to benefit the principal. The "predominant motive" formulation is the most restrictive, granting a manager the privilege of interfering with a principal's contract only when the manager's predominant motive is to serve the interest of the principal.

*Id.* Only if the manager's privilege were absolute would Ibarra's state of mind be irrelevant. *See Halvorsen v. Aramark Unif. Servs.*, 65 Cal. App. 4th 1383, 1393, 77 Cal. Rptr. 2d 383 (1998). The privilege, however, is likely not absolute; indeed, Wal-Mart's principal authority, *McCabe v. General Foods Corp.*, applied the "mixed motive" test to determine whether the managerial privilege should apply. *McCabe*, 811 F.2d at 1339 (citing *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 328 (9th Cir. 1982), which predicted how the California Supreme Court would decide the issue). A more recent decision from one California Court of Appeal confirmed that this area of law is unclear, and applied the "predominant motivation" test in a wrongful termination case. *Vu*, 111 Cal. App. 4th at 1198.

| | | |
|---|---|---|
| **JS-6** | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |

**CASE NO.:** <u>CV 16-03293 SJO (RAOx)</u>   **DATE:** <u>August 30, 2016</u>

Plaintiff alleges that on April 17, 2014, Ibarra gave her pills without informing her that they were prescribed. (Compl. ¶¶ 10-11.) Ibarra responds by way of a declaration that he did not provide Plaintiff with any pills for his own benefit, and "did not benefit in any way by providing Plaintiff with the over-the-counter medication." (Ibarra Decl. ¶ 3.) This single declaration falls far short of providing clear and convincing evidence that Plaintiff has no possibility of recovering from Ibarra, particularly where "Plaintiff[ ] may amend [her] claim[s] to cure any arguable defects." *Munoz*, 2015 WL 4507104, at *1.[2]

III.  <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** Plaintiff Idania Tovar's Motion to Remand and **REMANDS** this action to the Superior Court of the State of California, County of Ventura. The Court further **ORDERS** the Court Clerk to promptly serve this Order on all parties who have appeared in this action.

IT IS SO ORDERED.

---

[2] Because the Court concludes that Wal-Mart has failed to meet its burden of demonstrating that Ibarra was fraudulently joined, it need not reach the merits of Plaintiff's alternative arguments.